# UNITED STATES DISTRICT COURT
for the

__EASTERN__ District of __CALIFORNIA__

| | |
|---|---|
| United States of America<br>v.<br>Vidal Fabela | Case No: 2:12-cr-00372-JAM<br>USM No: 02827-748 |
| Date of Original Judgment: 04/07/2015<br>Date of Previous Amended Judgment: <br>*(Use Date of Last Amended Judgment if Any)* | Pro Se<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

The Court holds that Defendant does not qualify for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive application of Amendment 821 to the United States Sentencing Guidelines.

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," a court may reduce the term of imprisonment on a defendant's motion "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission has ordered that two provisions of Amendment 821 to the Sentencing Guidelines effective November 1, 2023, apply retroactively: "parts A and B, subpart 1." U.S.S.G § 1B1.10(d). In Part A, the Sentencing Commission amended the "status points" provision regarding criminal history, which now provides that a person who otherwise presents seven or more criminal history points now receives one "status" criminal history point, instead of two, for an offense committed while under a criminal justice sentence, while a person who otherwise presents six or fewer criminal history points receives no status points. In Part B, Subpart 1, the Sentencing Commission added the zero-point-offender provision, which provides a two-offense-level reduction for certain offenders who present zero criminal history points and satisfy a list of other enumerated criteria.

At sentencing, Defendant was assigned 14 criminal history points and was found to be a career offender, resulting in a criminal history category of VI. ECF No. 16 ¶¶ 74–78. Given this, Defendant does not qualify for a sentence reduction under either Part A or Part B, subpart 1 discussed above. First, Defendant does not qualify as a zero-point-offender because he received criminal history points at sentencing. Id. ¶¶ 68–76. Second, Defendant is not eligible for a reduction under the amended status points provision because he was found to be a career offender; thus, the Sentencing Guidelines sets his criminal history category at VI regardless of his criminal history score. Id. ¶ 78.

Accordingly, the Court hereby **DENIES** Defendant's Motion to Vacate or Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 20).

Except as otherwise provided, all provisions of the judgment dated __04/14/2015__ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: __11/04/2025__

*Judge's signature*

Effective Date: _____
*(if different from order date)*

John A. Mendez, Senior United States District Judge
*Printed name and title*